```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF MICHIGAN
                  SOUTHERN DIVISION
```

**CHRISTINA JOY RICHARDSON,**

     Plaintiff,          CIVIL ACTION NO. 11-10417

  v.

                           DISTRICT JUDGE AVERN COHN

                           MAGISTRATE JUDGE MONA K. MAZJOUB

**COMMISSIONER OF**
**SOCIAL SECURITY,**

     Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Both Plaintiff and Defendant's Motions for Summary Judgment should be DENIED, and the case REMANDED to the Commissioner for further proceedings to include supplemental vocational expert testimony in order determine whether alternative jobs existed in the national economy after December 31, 2007, that claimant could perform, given her non-exertional limitations.

                         \*   \*   \*

Plaintiff filed an application for Social Security disability insurance benefits on June 27, 2006, alleging that she had been disabled and unable to work since August 5, 2005, at age 30, due to severe back pain and mental depression. Benefits were denied by the Social Security Administration (SSA). A requested <u>de novo</u> hearing was held on November 5, 2009[1], before Administrative

---

[1] An earlier hearing was held before Judge Lewald in January 2009, which resulted in a decision to grant claimant a closed period of disability benefits from August 2005 through December

Law Judge (ALJ) Susanne Lewald. The ALJ subsequently found that the claimant was disabled from August 5, 2005, through December 31, 2007, due to severe musculoskeletal and depressive disorders (TR 14). The ALJ determined, however, that the claimant's impairments had medically improved. She found that Ms. Richardson regained the residual functional capacity after December 31, 2007, to perform a full range of sedentary work activity. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits after December 31, 2007. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

    Plaintiff was 35 years old at the time of the remanded administrative hearing (TR 12, 166). She had been graduated from high school before earning an Associate's Degree in nursing (TR 65, 183). She had been employed as a registered nurse, cashier, cook, hostess and sales person during the relevant past (TR 65-66, 206-224). As a registered nurse, Plaintiff was required to be on her feet for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 50 pounds

---

2007 (TR 85-93). The Appeals Council, on August 25, 2009, vacated that decision, and remanded the case for further administrative action. The Appeals Council specifically ordered that a vocational expert testify at the remand hearing in order "to clarify the effect of the assessed limitations on the claimant's occupational base." (TR 98).

on a regular basis. This work was classified by the ALJ as light to medium activity (TR 16).

Claimant testified that she remained disabled as a result of severe low back pain radiating into her lower extremities (TR 68). She explained that the back pain prevented her from sitting, standing or walking for prolonged periods (TR 69). Pain medications allegedly proved ineffective, and caused her to have difficulty sleeping (TR 70-71. 74). Plaintiff explained that she was extremely limited in her ability to sit or stand for longer than 2 hours (TR 71, 74). She added that mental depression exacerbated her back pain symptoms (TR 74). Vocational Experts were present at both administrative hearings, but neither one was called by the ALJ to testify.

**LAW JUDGE'S DETERMINATION**

The Administrative Law Judge found that Plaintiff was impaired as result of severe degenerative disc disease of the lumbar spine, status post interbody fusion of two lumbar discs and mental depression, but that these conditions had medically improved after December 31, 2007, to allow her to perform a full range of sedentary work activity. Finding that the claimant could not return to her past relevant work, the ALJ relied on the Medical-Vocational Guidelines (Rule 201.28) to justify a conclusion that there were substantial numbers of jobs available in the economy for claimant to perform after December 31, 2007.

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See <u>Kirk v. Secretary</u>, 667 F.2d 524, 535 (6th Cir. 1981), <u>cert</u>. <u>denied</u>, 461 U.S. 957 (1983). This court does not try the case <u>de novo</u>, resolve conflicts in the evidence, or decide questions of credibility. See <u>Brainard v. Secretary</u>, 889 F.2d 679, 681 (6th Cir. 1989); <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

If the Commissioner's decision is not supported by substantial evidence, the court can reverse the decision and award benefits, but only if (1) there is an adequate record, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985); (2) there are no unresolved, essential factual issues, Faucher v. Secretary, 17 F.3d 171, 176 (6th Cir. 1994); and (3) the record "compels" the conclusion that a plaintiff has established legal entitlements to benefits. INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992)(emphasis in original). If these conditions are not met, the court may not award benefits and must remand the case under sentence four of 42 U.S.C. § 405(g)$^{2}$ for additional fact finding.

---

$^{2}$Sentence four of 42 U.S.C. 405(g) states:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

Plaintiff argued, through counsel, that substantial evidence did not exist on the record that her back and mental conditions had medically improved after December 2007, to allow her to perform a full range of sedentary work activity. Alternatively, Plaintiff requested that the instant case be remanded for further proceedings, to include vocational expert testimony, as to whether alternative jobs existed in the national economy, given her non-exertional limitations. Defendant opposed a remand for Vocational Expert testimony claiming that the Plaintiff's back and mental impairments had medically improved after December 2007, to allow her to perform a full range of sedentary work activity.

## DISCUSSION AND ANALYSIS

I am persuaded that substantial evidence does not exist on the record that Plaintiff regained the residual functional capacity to perform a full range of sedentary work activity after December 2007. I further conclude that the Law Judge failed to sustain her burden of proving that substantial numbers of specific jobs accommodating claimant's known restrictions existed in the national economy after December 2007. Specifically, the Law Judge erroneously applied the Medical Vocational Guidelines ("the grid") in reaching a conclusion of non-disability after December 2007. The ALJ applied Rule 201.28, Subpart P of Appendix 2, which directs a conclusion that a claimant who is capable of performing a full range of sedentary work is not disabled. Application of the grid in the instant case was erroneous because claimant suffers from

significant non-exertional limitations [3] resulting from her degenerative disc disease and mental depression that prevented her from performing a full range of work activity during the relevant period.

In Kirk v. Secretary, 667 F.2d 524 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983), the Sixth Circuit held that application of the grid was appropriate only when the components of the grid precisely matched the claimant's condition. The grid is not fully applicable when the claimant suffers from nonexertional limitations, the effects of which are not incorporated by the grid.

The mere allegation of a nonexertional impairment is not sufficient to preclude application of the grid. "Not even a minor nonexertional limitation is enough; the claimant must show an impairment that significantly limits his ability to do a full range of work at a designated level." (emphasis added) Kimbrough v. Secretary, 801 F.2d 794, 796 (6th Cir. 1986) (per curiam); see also Cole v. Secretary, 820 F.2d 768 (6th Cir. 1987). "By the use of the phrase 'significantly diminish' we mean the additional loss of work capacity beyond a negligible one or, in other words, one that

---

[3] Non-exertional impairments are defined as "certain mental, sensory or skin impairments" or "impairments [which] result solely in postural and manipulative limitations or environmental restrictions". 20 C.F.R. Part 404, Subpart P, Appendix 2, Section 200.00(e). Difficulties performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling and crouching are also considered to be non-exertional limitations according to Social Security regulations. 20 C.F.R. §1569a(c)(vi) (2011). Moreover, the residual functional capacity evaluation must take into account the side effects of medication on a person's ability to perform substantial gainful activity. Social Security Ruling SSR-96-8p

so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity." Bapp v. Bowen, 802 F.2d 601, 606 (2d Cir. 1986) (footnote omitted).

The medical evidence of record after December 2007, supports Plaintiff's allegations that she continues to experience severe back pain causing certain postural limitations. Claimant's treating orthopedic surgeon, Dr. Douglas Geiger, reported in June 2007, that Ms. Richardson was permanently unable to do any repetitive lifting or bending (TR 89). Plaintiff's other treating physician, Dr. Alberto Nacif, identified ten non-exertional limitations in a February 2009, residual functional capacity evaluation. The doctor indicated that the claimant could not crawl, stoop, crouch or kneel. Dr. Nacif added that Plaintiff could only occasionally bend, squat and reach above her shoulder[4] (TR 498-501).

The work restrictions found by treating doctors Geiger and Nacif constituted non-exertional impairments that entitled Plaintiff to a non-guideline determination. The Appeals Council vacated an earlier decision of the ALJ that also relied on the use of the Medical Vocational Guidelines, despite evidence of non-exertional impairments. The Appeals Council in August 2009, specifically directed the ALJ to obtain vocational expert testimony

---

[4]The ALJ also failed to take into account claimant's on-going problem with chronic depression. Plaintiff continues to use a strong anti-depressant medication, Cymbalta, but the drug causes significant memory and concentration problems (TR 439, 442-443, 446). As a result, the ALJ found that the claimant had a "20 percent deficit in concentration, persistence and pace during the closed period (TR 16, 89).

"to clarify the effect of the assessed limitations on the claimant's occupational base." (TR 98).  Even though the ALJ had a vocational expert present at the remanded administrative hearing, she chose not to have him testify as to whether sedentary jobs existed in the national economy after December 2007, accommodating claimant's known physical and mental limitations.  The ALJ failure to follow the Appeals Council directive, in view of non-exertional limitations that preclude the performance of a full range of sedentary work, mandates yet another remand for vocational expert testimony.

The Court has the power to affirm, modify, reverse or remand an action after acquiring subject matter jurisdiction to review a final decision of the Commissioner.  42 U.S.C. § 405(g) (1982).  This statute authorizes the Court to remand the case for additional administrative action where, as here, there is a reasonable probability that the Commissioner might reach a different disposition of the disability claim.  See <u>Carroll v. Califano</u>, 619 F.2d 1157, 1162 (6th Cir. 1980).  Because claimant could not perform a full range of sedentary work after December 2007, her characteristics did not precisely fit the pattern of the medical vocational guidelines and the ALJ was required to make a nonguideline determination.  <u>Kirk</u>, 667 F.2d at 531.  Therefore, I am persuaded that this case should be remanded to the Commissioner for further proceedings, to include vocational expert testimony as to whether alternative jobs accommodating Plaintiff's limitations

existed in the national economy after December 31, 2007.[5]

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the  Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

---

[5] In the alternative, Plaintiff argues for a remand due to the ALJ's apparent error in relying exclusively on the Medical-Vocational guidelines, given her non-exertional limitations (See arguments B through D at pp 14-18 of Plaintiff's Motion for Summary Judgment).  This would preclude a judicial award of benefits, as Plaintiff expressly acknowledges that there must be further determination of her disability (See page 18 of Motion for Summary Judgment).

                      **s/ Mona K. Majzoub**
                      **MONA K. MAJZOUB**
                      **UNITED STATES MAGISTRATE JUDGE**

**DATED: September 6, 2011**

11